# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

BRIAN HEATH BADEKER,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC,

    Defendant.

2:12-cv-01848-LDG-VCF

**O R D E R**

(Motion/Application to Proceed *In Forma Pauperis* #1, Complaint #1-1, and Screening Order)

Before the court are plaintiff Brian Heath Badeker's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

### I.   *In Forma Pauperis* Application

Plaintiff Brian Heath Bedeker asserts in his application to proceed *in forma pauperis* that he works at Vegas Valley Towing, takes home $1,600.00 a month, and does not receive supplemental income from any source. (#1). Plaintiff currently has $50.00 in his checking or savings account, and his monthly expenses include: $680 in rent, $400 in food, $80 in gas, $38 in phone, $50 in internet, $30 in certified mailings, $25 in car maintenance, and $25 in uniform and work related expenses. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.     Plaintiff's Complaint**

Plaintiff asserts in his complaint that Midland Credit Management, Inc. violated the Fair Credit Reporting Act (hereinafter "FCRA") and the Fair Debt Collection Practices Act (hereinafter "FDCPA") when it "inquired into [p]laintiff's TransUnion consumer report without permissible purpose and without [p]laintiff's authorization." (#1-1). Plaintiff alleges that he never did business with the defendant, and that the defendant has "negative accounts listed on [p]laintiff's consumer reports." *Id.* Plaintiff asserts that he received correspondence from defendant stating that it was an attempt to collect a debt and that defendant had recently purchased plaintiff's account from T-Mobile. *Id.*

Plaintiff alleges that defendant both willfully and negligently violated the FCRA 15 U.S.C. § 1681b(f) by obtaining plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b (counts 1 and 2), and violated the FDCPA 15 U.S.C. §§§§ 1692e(2), 1692e(10), 1692f(1), and 1692e(8) by (1) falsely representing the character, amount, or legal status of the debt, (2) using false representation or deceptive means to collect the debt or obtain information about plaintiff, (3) attempting to collect a debt not authorized by the agreement creating the debt, and (4) communicating to any person credit information which is known or which should be known to be false (count 3). *Id.*

### 1.     Jurisdiction

Before addressing the merits of plaintiff's claims, the court must determine whether it has jurisdiction over the matter.  Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  As plaintiff's complaint presents a federal question, *i.e.* whether defendant violated two United States Codes (#1-1), this court has jurisdiction over the matter. *See* 28 U.S.C. § 1331.

### 2.     Plaintiff's Claims

Upon review of the factual allegations contained in plaintiff's complaint (#1-1), the court finds that plaintiff's complaint "state[s] a claim to relief that is plausible on its face." *See Ashcroft*, 129 S.Ct. at 1949; *Haines*, 404 U.S. at 520. As such, plaintiff's complaint (#1-1) survives dismissal.[1] *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion

---

[1] As the court stated during the hearing, plaintiff is advised to retain counsel to represent him in this matter. There are several organizations available to help plaintiff retain a lawyer or obtain legal advice to assist in this litigation, including: (1) State Bar of Nevada's "Lawyer Referral & Information Service" at  http://www.nvbar.org/ or (702) 382-0504; and (2) Legal Aid Center http://www.lacsn.org/ or call (702) 386-1070 (if financially qualified).

1 without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint (#1-1), issue summons to the defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 28th day of November, 2012.

                                                                                          _____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**