JERRY S. BUSBY
Nevada Bar No. 001107
GREGORY A. KRAEMER
Nevada Bar No. 010911
COOPER LEVENSON APRIL
  NIEDELMAN & WAGENHEIM, P.A.
6060 Elton Avenue – Suite A
Las Vegas, Nevada 89107
(702) 366-1125 Telephone
FAX: (702) 366-1857 Facsimile
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN HEATH BADEKER,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>        Defendant | CASE NO. 2:12-cv-01848-LDG-VCF<br><br>**MIDLAND CREDIT MANAGEMENT, INC.'S<br>ANSWER TO PLAINTIFF'S COMPLAINT** |

**ANSWER TO PLAINTIFF'S COMPLAINT**

      COMES NOW Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant" or "MCM"), by and through its counsel of record, and hereby answers the Complaint ("hereinafter Complaint") of Plaintiff BRIAN HEATH BADEKER ("Plaintiff") by admitting, denying and alleging as follows:

**JURISDICTION AND VENUE**

      1.    Answering Paragraph 1 of the Complaint, Defendant admits this Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 1681p. However, Defendant denies that Plaintiff has any viable claim against Defendant.

///

2. Answering Paragraph 2 of the Complaint, Defendant admits that venue would be proper if Plaintiff had a claim against Defendant but denies that Plaintiff has any such claim.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges that he is suing Defendant.

4. Answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff asserts that he is bringing an action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, ("FCRA") and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDPCA"). However, Defendant denies that it violated the FCRA and FDCPA. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

7. Answering Paragraph 7 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

8. Answering Paragraph 8 of the Complaint, Defendant admits each and every allegation.

9. Answering Paragraph 9 of the Complaint, asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

///

///

CLAC 2010141.1

10. Answering Paragraph 10 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

11. Answering Paragraph 11 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

12. Answering Paragraph 12 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

13. Answering Paragraph 13 of the Complaint, Defendant denies that it did not have a permissible purpose. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant denies that it violated the FCRA. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

16. Answering Paragraph 16 of the Complaint, Defendant asserts that this paragraph asserts a legal conclusion to which no response is required. To the extent a response by Defendant is required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein, and therefore denies same.

17. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

CLAC 2010141.1

18. Answering Paragraph 18 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits that it sent Plaintiff a letter dated February 21, 2012. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein. The document speaks for itself.

21. Answering Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant asserts that its letter dated February 21, 2012 to Plaintiff speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant asserts that its letter dated February 21, 2012 to Plaintiff speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant asserts that its letter dated February 21, 2012 to Plaintiff speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations contained therein.

### COUNT I

25. Answering Paragraph 25 of the Complaint, Defendant hereby incorporates paragraphs 1 through 24 of its answer.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation. Defendant denies that Plaintiff is entitled to the relief Plaintiff requests in his prayer.

### COUNT II

27. Answering Paragraph 27 of the Complaint, Defendant hereby incorporates Paragraphs 1-26 of its answer.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation. Defendant denies that Plaintiff is entitled to the relief Plaintiff requests in his prayer.

CLAC 2010141.1

# COUNT III

29. Answering Paragraph 29 of the Complaint, Defendant hereby incorporates Paragraphs 1-28 of its answer.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation. Defendant denies that Plaintiff is entitled to the relief Plaintiff requests in his prayer.

# PRAYER

Defendant denies that Plaintiff is entitled to the relief Plaintiff requests in his prayer.

# JURY TRIAL DEMAND

Defendant admits that Plaintiff is entitled to a trial by jury, if trial was necessary to resolve his claims. Defendant denies that Plaintiff has stated a viable claim such that a trial would be required.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Permissible Purpose)

3. As a separate, affirmative defense, Defendant asserts that it had a permissible purpose to pull Plaintiff's credit report or make a credit inquiry.

///

///

///

CLAC 2010141.1

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

5. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

6. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

7. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c).

## EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

8. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of

CLAC 2010141.1

procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

9. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Dated this 28th day of January, 2013.

        COOPER LEVENSON APRIL
        NIEDELMAN & WAGENHEIM, P.A.


By  /s/ Gregory A. Kraemer
      Jerry S. Busby
      Nevada Bar No. 001107
      Gregory A. Kraemer
      Nevada Bar No. 010911
      6060 Elton Avenue – Suite A
      Las Vegas, Nevada  89107
      Attorneys for Defendant
      MIDLAND CREDIT MANAGEMENT, INC.

CLAC 2010141.1

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A. and that on this 28th day of January, 2013, I caused a copy of the foregoing **MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served via mail upon the following person(s):

Brian Heath Badeker
5600 Boulder Highway A229
Las Vegas, NV 89122
Plaintiff

By _____
An Employee of
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

8

CLAC 2010141.1